UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH SCANDALIATO, Individually
and on behalf of others similarly situated,

    Plaintiff,                                  Case No.

v.

SEVEN X ENTERPRISES, INC.,
MAI THANH MINH, Individually
and DR. CUONG HUNG MAI,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSEPH SCANDALIATO (hereinafter referred to as "PLAINTIFF"), in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and by and through his undersigned counsel, sues the Defendants, SEVEN X ENTERPRISES, INC., (hereinafter referred to as "SEVEN"), MAI THANH MINH, Individually (hereinafter referred to as "MINH") and DR. CUONG HUNG MAI, (hereinafter referred to as "MAI"), collectively known as ("DEFENDANTS") and alleges as follows.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

1

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. At all times material herein, Defendant, SEVEN was and is a Florida for profit corporation, and doing business in this judicial district. At all times material Defendant, SEVEN, was an employer as defined by the FLSA.

5. Defendant, MINH, is the President of Seven X Enterprises, Inc., and was acting in a supervisory capacity for Seven X Enterprises, Inc. Defendant, Minh, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, MINH, possessed operational control of business activities.

6. Defendant, MAI, is the Vice President of Seven X Enterprises, Inc., and was acting in a supervisory capacity for Seven X Enterprises, Inc. Defendant, MAI, had the power to hire and fire employees, supervised and controlled

employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, MAI, possessed operational control of business activities.

7. Defendants, MINH and MAI, were involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

8. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

11. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with

3

Defendants, 29 U.S.C. §207(a)(1).

12.Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

13.Plaintiff began his employment on or about February 2019, as a Recovery Agent.

14.Plaintiff was paid a fixed piece rate depending on the nature of the vehicle recovered.

15.Plaintiff regularly worked seven days a week with his normal work hours from 7:00 p.m. to 5:00 a.m.

16.Plaintiff was required to do pre and post shift work on cleaning, fueling and maintenance of the work vehicles.

17.Plaintiff regularly worked past 5:00 a.m. due to the requirements of his job.

18.Plaintiff was charged for truck repairs necessitated during his shift.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME) AS TO ALL DEFENDENTS

19.Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

20.Defendants are subject to the requirements of the Fair Labor

Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

22. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

24. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

25. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

26. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

27.     As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

28.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

29.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

a.     Awarding Plaintiff overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding prejudgment interest;

d.     Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     Determining that the FLSA was violated and an adjudication on the merits of the case;

f.     Ordering any other further relief the Court deems just and proper.

## COUNT II

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

31. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

32. Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

33. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

34. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO DEFENDANT, SEVEN X ENTERPRISES, INC.

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

37. Plaintiff brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

38. FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

39. FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

40. Plaintiff is permitted to bring suit under FDUTPA even though the unlawful practice of Defendant, SEVEN, did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

41. During Plaintiff's employment with Defendant, SEVEN, Defendant failed comply with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes as well as other taxes, costs and expenses associated with Defendant's SEVEN, misclassifying employees as independent contractors.

42. By failing to pay required payroll taxes, Defendant, SEVEN, engaged in an unfair method of competition because Defendant, SEVEN, paid fewer taxes than competing businesses that follow state and federal tax laws and, therefore, have more money to use in competition against its competing businesses.

WHEREFORE, Plaintiff demands judgment against Defendant, SEVEN, and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

Dated this 18th day of November 2021.

                                        FLORIN GRAY BOUZAS OWENS, LLC

                                        /s/Wolfgang M. Florin
                                        Wolfgang M. Florin
                                        Florida Bar No. 907804
                                        wflorin@fgbolaw.com

                                       Christopher D. Gray
                                       Florida Bar No. 0902004
                                       cgray@fgbolaw.com
                                       16524 Pointe Village Drive, Suite 100
                                       Lutz, FL 33558
                                       Telephone (727) 220-4000
                                        Facsimile (727) 483-7942
                                       Attorneys for Plaintiff